NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2058

_____

UNITED STATES OF AMERICA

v.

DAVID SERRANO-MUNOZ,
Appellant

_____

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 17-CR-233)

District Judge: The Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2023

_____

Before: JORDAN, GREENAWAY, JR., and MCKEE, *Circuit Judges.*

(Opinion Filed:  March 31, 2023)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR. *Circuit Judge.*

Appellant David Serrano-Munoz seeks review of his sentence for violating 18 U.S.C. § 2251(e). The District Court imposed a sentence based on its finding that an enhanced penalty was warranted. Specifically, the District Court found that Appellant had met the enhancement threshold because of his prior Pennsylvania conviction for involuntary deviate sexual intercourse (IDSI). Serrano-Munoz maintains that the enhanced penalty should not apply because § 2251(e) is unconstitutionally vague and his prior conviction is not a qualifying conviction. We disagree and will affirm.

**A.**

Starting in January 2017, Serrano-Munoz, an adult, initiated a conversation with a 16-year-old female minor. He solicited and received seven sexually explicit images, including images of her touching her genitals. He then drove to her home in York County, Pennsylvania, picked her up, and brought her to his mother's residence in Philadelphia. She stayed with him for about six weeks. During that time, the two had sexual intercourse multiple times and he inked five tattoos on the minor, including one of his name, "David."

Serrano-Munoz was indicted for multiple child pornography offenses, including sexual exploitation of children in violation of 18 U.S.C. § 2252. Serrano-Munoz pleaded guilty to count one of the indictment, charging a violation of § 2251(a) and (e). Usually, a violation of § 2251(a) carries a statutory minimum of 15 years' imprisonment and a statutory maximum of 30 years' imprisonment. § 2251(e). But because of his prior conviction for sexual abuse, the presentence investigation report (PSR) concluded that

2

Serrano-Munoz was subject to an enhanced penalty under the Sentencing Guidelines of a statutory minimum of 25 years' imprisonment and a statutory maximum of 30 years' imprisonment.

The District Court overruled Serrano-Munoz's objection that § 2251(e) is unconstitutionally vague and that Pennsylvania's IDSI is not a qualifying predicate offense. The District Court held that § 2551(e) is not unconstitutionally vague, explaining that the provision "is not unique in the federal criminal code" and that this Court recently rejected "a similar void-for-vagueness challenge to an enhancement with almost identical trigger language" in *United States v. Portanova*, 961 F.3d 252 (3d Cir. 2020). App. 13. The District Court held that Pennsylvania IDSI is a state offense "relating to . . . sexual abuse," and thus qualifies as a predicate offense under § 2251(e). *Id.*

The District Court further explained, relying in part on *Portanova*, that considering the statute's broad "relating to" language, it had to apply a "looser categorical approach." *Id.* at 15 (quoting *Portanova*, 961 F.3d at 256). This approach, the District Court said, "does not require a precise match between a federal generic offense and state offense elements" for a court to determine whether a prior conviction qualifies as a predicate offense under § 2251(e). *Id.* (quoting *Portanova*, 961 F.3d at 256) (cleaned up). Based on that approach, the District Court concluded that Pennsylvania IDSI is a qualifying predicate offense because the conduct covered by the offense "involve[s] the core element of sexual abuse"—that is, "engaging in a sexual act with a person who did not or could not consent to the act." App. 18.

3

On June 1, 2022, the District Court sentenced Serrano-Munoz to 300 months' imprisonment. Serrano-Munoz filed a timely notice of appeal.

**B.**

The District Court had subject matter jurisdiction in this criminal matter under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We exercise plenary review over the District Court's holdings that § 2251(e) is not unconstitutionally vague and that Serrano-Munoz's conviction for IDSI qualifies as a predicate offense pursuant to § 2251(e). *Portanova*, 961 F.3d at 254 n.7.

**C.**

i. 18 U.S.C. Section 2251(e)

Serrano-Munoz's primary argument that the relevant provision of § 2251(e) is unconstitutionally vague because it "fails to define 'sexual abuse' or 'aggravated sexual abuse'" and because "those terms lack an inherent meaning" is unpersuasive. Appellant Br. 15. Serrano-Munoz compares § 2251(e) to the residual clause of the Armed Career Criminal Act that was found to be void for vagueness because "the indeterminacy of the wide-ranging inquiry required by the residual clause [which] denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* (quoting *Johnson v. United States*, 576 U.S. 591, 597 (2015)). But given our precedent in *Portanova*, that comparison is inapposite.

The Supreme Court has held that the Government violates the Fifth Amendment "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it

4

invites arbitrary enforcement." *Johnson*, 576 U.S. at 595. This principle applies to both statutes defining elements of crimes and statutes fixing sentences. *Id.* at 596.

The phrase "relating to . . . sexual abuse" in § 2251(e) is not unconstitutionally vague. Indeed, it is defined in a way that gives an ordinary person fair notice that a conviction under § 2251(e) could result in greater penalties if he had prior state convictions. We, as the District Court correctly noted, reached the same conclusion about a substantially similar enhancement in § 2252(b)(1). *See Portanova*, 961 F.3d at 254. That section, similar in effect to § 2251, increases the statutory sentencing range if the defendant has a prior conviction under specified federal laws or "under the laws of any State relating to . . . sexual abuse . . . or the . . . possession . . . of child pornography." 18 U.S.C. § 2252(b)(1).

In *Portanova*, we rejected the defendant's argument that § 2252(b)(1)'s "relating to" language is unconstitutionally vague. 961 F.3d at 263. Moreover, we interpreted "relating to" broadly, potentially covering many crimes, and we concluded that this did not render § 2252(b)(1) "standardless" or invite the possibility that "bizarre or unexpected state offenses" would be covered. *Id.* (quoting *Lockhart v. United States*, 577 U.S. 347, 361 (2016)). We, therefore, concluded that "there is no question that a person of ordinary intelligence would have fair warning" that he could be subject to greater penalties for violating § 2252 based on certain prior state convictions. *Id.* Serrano-Munoz does not address *Portanova*'s vagueness holding and offers no reason to reach a different result as

5

to § 2251(e).[1] The District Court was correct in holding that § 2251(e) is not unconstitutionally vague.

## ii. Pennsylvania's IDSI statute

We now turn to Serrano-Munoz's secondary argument: that even if § 2251(e) is not unconstitutionally vague, the conduct encompassed within Pennsylvania's involuntary deviate sexual intercourse statute is too broad to necessarily satisfy the definition of "sexual abuse" under 18 U.S.C. § 2251(e).

To determine whether a prior conviction qualifies for a sentencing enhancement, we typically start with the categorical approach: looking at the statutory definitions of the prior offense rather than the particular facts underlying the conviction. *Portanova*, 961 F.3d at 255. But § 2251(e) requires only that a predicate conviction "relat[es] to . . . sexual abuse." *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (defining "relating to" as "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with" (quoting Black's Law Dictionary 1158 (5th ed. 1979))). Accordingly, as we did in *Portanova*, we apply a "looser categorical approach," one that does not require a precise match between the elements of the state offense and the definition of sexual abuse. *Cf. Portanova*, 961 F.3d at 256 (applying the same approach).

---

[1] *Portanova* also tracks the decisions of other circuits. *See, e.g.*, *United States v. Hudson*, 986 F.3d 1206, 1216 (9th Cir. 2021) ("We join [the Third Circuit] and hold that § 2252(b)(2)'s reference to state crimes 'relating to . . . abusive sexual conduct involving a minor' is not unconstitutionally vague."); *United States v. Ragonese*, 47 F.4th 106, 113-14 (2d Cir. 2022) (rejecting vagueness challenge to § 2252A(b)); *United States v. Mills*, 850 F.3d 693, 698 (4th Cir. 2017) ("Although [§ 2251(e)] sweeps broadly, it is readily understandable.").

Under this standard, we have said, that "the offense should be read as commonly understood and informed by its constituent terms." *Id.* at 257. Contrary to some of Serrano-Munoz's arguments, the term is not "defined strictly in light of [a] federal counterpart[]," and there need not be a "direct match" between that federal counterpart and the potential state predicate. *Id.* at 256, 262. Instead, the relevant federal law is but a starting point for determining the contours of the generic crime of sexual abuse. *Id.* at 261.

The relevant statute here—18 U.S.C. § 2242 (titled "Sexual Abuse")—prohibits:

(1) caus[ing] another person to engage in a sexual act by threatening or placing that other person in fear . . . ;

(2) engag[ing] in a sexual act with another person if that other person is—(A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or

(3) engag[ing] in a sexual act with another person without that other person's consent, to include doing so through coercion.

18 U.S.C. § 2242.

The Supreme Court's decision in *Esquivel-Quintana v. Session* makes clear that § 2251(e) fully encompasses Pennsylvania's IDSI statute. 581 U.S. 385, 391 (2017). In that case, the Supreme Court noted that "the ordinary meaning of 'sexual abuse' included 'the engaging in sexual contact with a person who is below a specified age or who is incapable of giving consent because of age or mental or physical incapacity.'" *Id.* (quoting Merriam-Webster's Dictionary of Law 454 (1996)). These definitions, along with § 2242, show that the plain meaning of "sexual abuse" is causing a person to engage in a sexual act through some type of compulsion or engaging in a sexual act with a person who does not or cannot consent.

7

Based on the meaning of "relating to" and "sexual abuse," Serrano-Munoz's Pennsylvania IDSI conviction qualifies as a predicate offense under § 2251(e). At the time of Serrano-Munoz's prior conduct and conviction, 18 Pa. C.S. § 3123 read:

> (a) Offense defined.—A person commits a felony of the first degree when he or she engages in deviate sexual intercourse with a complainant:
> (1) by forcible compulsion;
> (2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;
> (3) who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring;
> (4) where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

18 Pa C.S. § 3123(a)(1)-(4) (2000). At all relevant times, Pennsylvania law has defined "deviate sexual intercourse" as:

> "Sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures."

18 Pa. C.S. § 3101. And each of the acts covered by § 3123, as explained by the Pennsylvania Supreme Court, is considered nonconsensual. *Commw. v. Shannon*, 608 A.2d 1020, 1024 (Pa. 1992). Pennsylvania IDSI's statute—by covering nonconsensual genital or anal contact—clearly "stand[s] in some relation" to or has "a connection with" "sexual abuse," as that term is defined by reference to § 2242 and its ordinary meaning. *Portanova*, 961 F.3d at 258, 262; *see also, e.g.*, *United States v. Sinerius*, 504 F.3d 737, 741 (9th Cir. 2007) (Montana sexual assault statute relates to sexual abuse because it "undeniably proscribes acts that are 'sexual' in nature" and "necessarily involves physical contact without consent") (cleaned up). Pennsylvania's IDSI statute is a law relating to the sexual

8

exploitation of children; hence, it is a qualifying predicate offense under the broader federal provision § 2251(e).

Accordingly, the District Court correctly determined that the Pennsylvania IDSI statute is a law relating to sexual abuse.

**D.**

Appellant's two challenges both fail, and the enhanced penalties imposed shall stand. We will affirm the District Court's judgment of conviction.